## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| IN RE:<br>PAUL O. FARR,<br><br>　　　　Debtor;<br>_____<br><br>GEOFFREY CRISLER, CHRISTOPHER<br>CRISLER and TIMOTHY SCOTT CRISLER,<br><br>　　　　Plaintiffs,<br><br>V.<br><br>PAUL O. FARR,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 13<br>Case No. 10-11904-jdw<br><br>Adversary Proceeding No.<br>11-01009 |

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

This adversary proceeding challenges the dischargeability of a possible future state-court judgment against Paul O. Farr to the extent that such judgment might involve "fraud … while acting in a fiduciary capacity" under 11 U.S.C. § 523(a)(4) and/or "willful or malicious injury" under 11 U.S.C. § 523(a)(6).   In very short summary, Plaintiffs contend that they hired Farr, who at the time was a practicing attorney, to pursue a wrongful-death claim on their behalf and that Farr thereafter lied to them about having filed suit and settled the matter.  Plaintiffs do **not** contend that Farr obtained money or otherwise enriched himself as a result of the alleged fraud; thus, they did not proceed under 11 U.S.C. § 523(a)(2).

The Complaint fails to state a claim upon which relief can be granted because (i)

Farr was not acting in a "fiduciary capacity" as that term is narrowly defined for debt-

dischargeability purposes and (ii) any debt stemming from "willful and malicious injury"

is dischargeable as a matter of law under 11 U.S.C. § 1328(a)(2).

## I.      Background

Farr filed a voluntary petition for relief under Chapter 13 of Title 11 of the United

States Code (the "Bankruptcy Code") on October 29, 2010.[1]  Farr filed his Chapter 13

plan on November 21, 2010.[2]  Geoffrey Crisler, Christopher Crisler and Timothy Scott

Crisler ("Plaintiffs") did not file an objection to the plan prior to the deadline on February

15, 2011.  Instead, Plaintiffs filed a Complaint to Determine Nondischargeability of Debt

Pursuant to 11 U.S.C. § 523(a) on February 14, 2011.[3]  As noted, the two sources for the

relief requested in the Complaint are 11 U.S.C. § 523(a)(4) and (6).

## II.     Standard of Review

Pursuant to F.R.C.P. 12(b)(6), made applicable to the instant proceeding by

F.R.B.P. 7012, a defendant may respond to a complaint in the form of a motion to

dismiss based upon such complaint's "failure to state a claim upon which relief can be

granted."  The "function of a motion for dismissal for failure to state a claim is to test the

legal sufficiency of the claim for relief . . ."[4]  Motions to dismiss for failure to state a

claim should be granted if it appears beyond doubt that the plaintiff can prove no set of

---

[1] Doc. no. 1.
[2] Doc. no. 13.
[3] Doc. no. 36.
[4] *Panelized Technology, Inc. v. Tesoro Savings & Loan Association (In re Fargo Financial, Inc.)*, 80 B.R. 247, 249 (Bankr. N.D. Ga. 1987).

facts in support of its claims.[5] Plaintiffs' Complaint fails to set forth sufficient claims under which any set of provable facts would amount to recovery. Therefore, this Motion to Dismiss should be granted.

## III. Argument and Citation to Authority

The Supreme Court has repeatedly acknowledged that the purpose of the Bankruptcy Code "is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'"[6] Further, the exceptions to dischargeability of debt through bankruptcy are "construed strictly against the creditor and liberally in favor of the debtor, in order to accomplish the 'fresh start' goal of bankruptcy.'"[7] Viewing Plaintiffs' Complaint under this rubric leaves no doubt that it fails to sufficiently state a claim for two simple reasons: (i) they failed to show the existence of a fiduciary relationship under § 523(a)(4); and (ii) § 523(a)(6) is not applicable to Defendant's Chapter 13 plan under § 1328(a)(2).

**A.** **Plaintiffs' claim for nondischargeability under 11 U.S.C. § 523(a)(4) fails to state a claim because Plaintiffs have not shown that a fiduciary relationship existed through a technical or express trust.**

Farr at one time served as Plaintiffs' attorney, and their claim is that a judgment against Farr should be nondischargeable pursuant to § 523(a)(4) to the extent that he made various fraudulent misrepresentations during the course of that relationship, *i.e.*

---

[5] *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir. 1982).
[6] *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 344 (1934).
[7] *In re Walker*, 48 F.3d 1161 (11th Cir. 1995).

they contend he committed "fraud … while acting in a fiduciary capacity …."[8]  At first blush, it might seem odd that Farr has submitted this Motion and might appear that Plaintiffs' allegations fit squarely within § 523(a)(4).  Farr, after all, was Plaintiffs' attorney and is alleged to have lied to the Plaintiffs while serving in that capacity.

But the mere existence of an attorney-client or other common-law fiduciary relationship, by itself, is insufficient to satisfy the narrow scope of "fiduciary capacity" under § 523(a)(4).[9]  Rather, the Eleventh Circuit and the Supreme Court have held that the term "fiduciary," as used in § 523(a)(4), "is not to be construed expansively but instead is intended to refer to 'technical' trusts."[10]  Georgia Bankruptcy Courts interpreting "fiduciary" under § 523(a)(4) have continually held "that the trust on which the fiduciary relationship relies must be an express or technical trust which existed prior to the act creating the debt, not a trust *ex maleficio*, that may be imposed because of the very act of wrongdoing out of which the contested debt arose."[11]  And as this Court held

---

[8] 11 U.S.C.A. § 523(a)(4); *see* Complaint, Doc. 36, ¶¶ 49-56.

[9] *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997) ("The attorney-client relationship, without more, is insufficient to establish the necessary fiduciary relationship . . . under § 523(A)(4)"); *Watson v. Parker (In re Parker)*, 264 B.R. 685, 700 (10th Cir. 2001) (holding that more than a general attorney-client relationship is required to establish a fiduciary relationship under discharge exception for fraud or defalcation while acting in fiduciary capacity); *Freeman v. Frick (in re Frick)*, 207 B.R. 731, 738 (Bankr. N.D. Fla. 1997) ("to extend scope of § 523(a)(4) generally to acts of malpractice or unethical conduct of professionals goes well beyond the longstanding precedents of courts in this circuit and the U.S. Supreme Court").

[10] *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993) (citing *Chapman v. Forsyth*, 43 U.S. 202 (1844); *Upshur v. Briscoe*, 138 U.S. 365 (1891); *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934)).

[11] *Blashke v. Standard (In re Standard)*, 123 B.R. 444, 455 (Bankr. N.D. Ga. 1991); *see also Kraemer v. Crook*, 94 B.R. 207, 208 (Bankr. N.D. Ga. 1988), *aff'd mem.* 873 F.2d 1406 (11th Cir. 1989) (citing *Angelle v. Reed (In re Angelle)*, 610 F. 2d 1335 (5th Cir 1980).

4

in *Tarpon Point, LLC v. Wheelus (In re Wheelus)*, "[a] technical trust requires property entrusted to the debtor" or "an identifiable trust res."[12]

Plaintiffs, however, make no showing of a technical trust or identifiable trust res and instead fall back on O.C.G.A. § 23-2-58.[13] But this Court, in *Wheelus*, expressly held that O.C.G.A. § 23-2-58 "is the sort of broad definition of fiduciary duties that is outside the scope of § 523(a)(4)."[14] Therefore, "Plaintiffs cannot rely on this statute to prove fiduciary capacity."[15] Judge Bihary in the Northern District of Georgia likewise determined that the statutory section relied upon by Plaintiffs "generally describes certain relationships as confidential, the result of which is that parties in those relationship have greater reason to rely on representations of the other party. Nothing in this statute creates a technical or express trust or imposes trust-like duties …."[16]

It should come as no surprise, then, that in order for an attorney's fraud or defalcation to fall under § 523(a)(4), the alleged misconduct usually involves mishandling of client trust funds.[17] Here, Plaintiffs' Complaint makes no mention of any trust funds held on their behalf nor were any such funds, in fact, ever held by Farr.

---

[12] 07-30114-JDW, Adv. No. 07-3022, 2008 WL 372470 at *2 (Bankr. M.D. Ga. February 11, 2008) (attached hereto as **Exhibit "A"**).

[13] Complaint, Doc. no. 36, ¶ 51.

[14] 2008 WL 372470 at *3.

[15] *Id.*; *see also Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1372 (10th Cir. 1996) (holding general fiduciary duties of confidence, trust, loyalty, and good faith insufficient to establish the necessary fiduciary relationship for purposes of § 523(a)(4)); *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986) ("The broad, general definition of fiduciary - a relationship involving confidence, trust, and good faith - is inapplicable" to § 523(a)(4)).

[16] *Standard*, 123 B.R. 444, 455 (Bankr. N.D. Ga. 1991).

[17] *Stephens v. Bigelow (In re Bigelow)*, 271 B.R. 178, 187 (9th Cir. 2001) (explaining that "a general fiduciary attorney-client relationship may rise to the level of a fiduciary relationship for purposes of § 523(a)(4) if there are client trust funds involved"); *Vahle v. Gasster (In re Gasster)*, 301 B.R. 568, 569-70

5

A case that illustrates why this Motion should be granted is *Waters v. Waters (In re Waters).*[18] There, the attorney-defendant represented the plaintiffs in filing a personal-injury claim following an automobile accident. After voluntarily dismissing the case and failing to properly re-file it, the attorney-defendant lied to the plaintiffs about the status of the case for several months.[19] The plaintiffs filed suit and obtained a verdict that included $100,000 in punitive damages.[20] In the ensuing adversary proceeding, the plaintiffs sought, among other things, a determination that the punitive-damages award stemming from the attorney-defendant's fraudulent misrepresentations was not dischargeable under § 523(a)(4).[21]

The Bankruptcy Court observed that "the plaintiffs cannot point to any money, property, or services obtained by the debtor for his own benefit of anyone else as the result of his deception."[22] The same is true here as between Plaintiffs and Farr. In analyzing § 523(a)(4), the Court in *Waters* explained the debtor "must hold funds in trust for a third party to satisfy the fiduciary relationship element."[23] The court held that because the attorney-defendant never held the plaintiffs' money in trust, he was "entitled to have judgment entered in his favor pursuant to § 523(a)(4)."[24] Farr never held Plaintiffs' money in trust and is likewise entitled to a discharge under § 523(a)(4).

---

(Bankr. N.D. Cal. 2003) (holding that because there were no trust funds involved in the attorney-client relationship, there could not be a fiduciary relationship under § 523(a)(4)).

[18] 239 B.R. 893 (Bankr. W.D. Tenn. 1999).

[19] *Id.* at 895.

[20] *Id.* at 896.

[21] *Id.* at 904.

[22] *Id.* at 903.

[23] *Id.* at 904.

[24] *Id.*

6

**B.      Plaintiffs' claim for nondischargeability under 11 U.S.C. § 523(a)(6) fails to state a claim because the section is not applicable under § 1328(a)(2).**

Plaintiffs also claim Farr's alleged "actions were willful, malicious, and done without regard to the consequences and damages" give rise to a nondischargeable debt under § 523(a)(6).[25] But Plaintiffs again fail to state a claim upon which relief may be granted because 11 U.S.C. § 1328(a)(2) specifically permits discharge of § 523(a)(6) debt "after the completion by the debtor of all payments under the plan."[26] (Farr points out that this Court has not yet approved his plan and, by making this argument, does not intend to project a presumption of approval.) Thus, debts that would otherwise be nondischargeable under § 523(a)(6) are, in fact, dischargeable in a Chapter 13 bankruptcy. Any claim to the contrary is properly dismissed for failure to state a claim.[27]

**IV.     Conclusion**

For the foregoing reasons and based upon the authorities cited herein, this Court should grant Farr's Motion to Dismiss because Plaintiffs' Complaint fails to demonstrate the existence of a fiduciary relationship under § 523(a)(4) and relies on an inapplicable exception under § 523(a)(6).

---

[25] Complaint, Doc. No. 36, ¶ 58.

[26] *Waag v. Permann (In re Waag)*, 418 B.R. 373, 375 fn. 4 (9th Cir. 2009)("debts excepted from discharge under § 523(a) may be discharged in Chapter 13 unless expressly excluded from discharge in § 1328(a). Section 523(a)(6) provides a broader exclusion from discharge than § 1328(a)(4) and is not incorporated into § 1328(a)(2)"); *Mason v. Young (In re Young)*, 237 F.3d 1168, 1171 (10th Cir. 2001).

[27] *New Equip. Leasing, Inc. v. Sideris (In re Sideris)*, Nos. A-08-62103-PWB, 08-6322, 2008 WL 7874262, at *1 (Bankr. N.D. Ga. July 16, 2008) (attached hereto as **Exhibit "B"**) (granting motion to dismiss for nondischargeability claim under § 523(a)(6) because debtor had filed Chapter 13 petition); *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1348 (8th Cir. 1990) (affirming confirmation of Chapter 13 plan because objection based on 523(a)(6) was properly discharged); *One-on-One Fitness Personal Training Service, Inc. v. Reyes (In re Reyes)*, Nos. 09-B-35198, 09-A-1277, 2010 WL 2757180, at *4 (Bankr. N.D. Ill. July 13, 2010) (attached hereto as **Exhibit "C"**) (granting motion to dismiss claim under § 526(a)(6) because petition was filed under Chapter 13).

Respectfully submitted this the 17th day of March, 2011.

**CARLOCK, COPELAND & STAIR, LLP**

2600 Marquis Two Tower
285 Peachtree Center Avenue      By:    /s/ William D. Newcomb
Atlanta, Georgia 30303                   WILLIAM D. NEWCOMB
404-522-8220                              State Bar No. 148484

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2011, a copy of **MEMORANDUM OF LAW**

**IN SUPPORT OF MOTION TO DISMISS** was filed electronically through the Court's

electronic filing system, which will automatically send e-mail notification of such filings

to the following attorneys of record:

Roy E. Manoll, III
Fortson, Bentley and Griffin, P.A.
2500 Daniell's Bridge Rd
Building 200, Suite 3A
Athens, GA 30606

**CARLOCK, COPELAND & STAIR, LLP**

2600 Marquis Two Tower
285 Peachtree Center Avenue       By:    /s/ William D. Newcomb
Atlanta, Georgia  30303                      WILLIAM D. NEWCOMB
404-522-8220                                      State Bar No. 148484

9